NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARL F. TUSCANO SR,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD NEWHOUSE and THE EVENING JOURNAL ASSOCIATION,<br><br>    Defendants. | Civil Action No.: 11-4701 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court on Defendants' motion to dismiss Plaintiff's complaint in its entirety and for sanctions against Plaintiff. The Court has considered the submissions of the parties and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion to dismiss is granted. Plaintiff shall pay Defendants' reasonable attorneys fees and costs.

**I.     BACKGROUND**

Plaintiff Carl Tuscano was formerly employed by The Evening Journal Association. In 1976, he filed a lawsuit against Donald Newhouse and The Evening Journal Association in the Superior Court of New Jersey, Law Division pertaining to the termination of his employment. The State Court Judge referred the matter to arbitration. On October 19, 1979, Arbitrator John M. Boyle issued a decision finding that Plaintiff was entitled to back pay in addition to other costs and benefits. Arbitrator Boyle's decision was incorporated into a Final Judgment and Order signed by New Jersey Superior Court Judge William Dreier, J.S.C., on January 14, 1980 and entered on the docket of the Superior Court of New Jersey on January 23, 1980.

After defendants satisfied the judgment entered by Judge Dreier, Tuscano's then counsel signed a Warrant to Satisfy Judgment dated April 11, 1980.  On or about April 14, 1980, plaintiff's counsel and defendants' counsel signed a Stipulation of Dismissal with Prejudice dismissing the lawsuit between Tuscano and Defendants The Evening Journal and Donald Newhouse.

Since 2002, Plaintiff Tuscano has filed or maintained thirteen legal proceedings arising out of the 1979 arbitration award and 1980 judgment.  All prior requests for relief have been denied and all actions have been dismissed with prejudice.  In one 2004 action, Plaintiff was sanctioned by the Superior Court of New Jersey for repeatedly filing frivolous suits; and in 2008, a Judge from the Middle District of Florida ordered Plaintiff to cease and desist from filing any more cases arising out of these facts.  Another Judge from the same district noted that the 1979 arbitration award and 1980 final judgment had "long been satisfied."

## II.     LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party."  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  But, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).  Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest'

the required element[s]." Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 322 (3d. Cir. 2008) (quoting Twombly, 550 U.S. at 556).

A Court may resolve a Rule 12(b)(6) motion based on *res judicata* where such is apparent on the face of the complaint. See Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997). Where matters outside the pleadings are considered, the motion shall be converted into one for summary judgment. See Fed. R. Civ. P. 12(d) (stating that "if on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion,"). Thus, the Court may properly rule on the issue of *res judicata* at this juncture by converting the instant motion into one for summary judgment.

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings . . . show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

### III. ANALYSIS

*Res Judicata* will bar a future proceeding where: 1) the judgment in the first action is valid, final, and on the merits; 2) the parties in both actions are the same or are in privity with each other; and 3) the claims in the second action arise from the same transaction or occurrence as the claims in the first action. Watkins v. Resorts Int'l Hotel and Casino, Inc., 124 N.J. 398, 412 (1991). In this case, there is no issue of fact, and Plaintiff even concedes that these claims have been previously litigated and repeatedly resulted in dismissal with prejudice. See Pl. Br. in Opposition to Def. MTD at 1 ¶ 2. Thus, Plaintiff's claims are barred by the doctrine of *res judicata.*

Plaintiff's claims are also barred by New Jersey's Entire Controversy Doctrine. New Jersey's Entire Controversy Doctrine bars a party from raising any claim that has been withheld from prior litigation. See Riemer v. St. Clare's Riverside Medical Center, 300 N.J. Super. 101, 108 (App. Div. 1997). The Doctrine is codified in R. 4:30A, which provides that failure to raise a claim "shall result in the preclusion of omitted claims" in future proceedings. The Third Circuit has elaborated on this rule by stating that "[p]ursuant to the Entire Controversy Doctrine . . . a plaintiff is precluded from litigating in a subsequent proceeding both claims that it actually litigated and claims that it could have litigated in an earlier proceeding." Bernardsville Quarry v. Borough of Bernardsville, 929 F.2d 927 (3d Cir. 1991). Indeed, the Entire Controversy Doctrine requires litigants to raise all affirmative claims in a single proceeding. See Cogdell v. Hospital Center at Orange, 116 N.J. 7, 24 (1989). As it is undisputed that Plaintiff's complaint is based on the same legal controversy as his prior actions, even if the Court were to find a valid claim not previously litigated, Plaintiff is barred from bringing it now.

Plaintiff's claims are also time-barred. It is well-settled that N.J.S.A. 2A:14-5 created a 20-year period of limitations for enforcing or reviving judgment. Giordano v. Wolcott, 46 N.J. Super. 278 (App. Div. 1957). In this case, there is no dispute that the judgment underlying this lawsuit was entered in 1980, more than 30 years ago. Thus, as a matter of law, the limitations period has expired and plaintiff's claims must be dismissed with prejudice.

Under N.J.S.A. 2A:15-59.1, a party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint the nonprevailing person was frivolous. In order to find that a complaint was frivolous, the judge shall find on the basis of the pleadings, discovery, or the evidence presented

that the nonprevailing party knew, or should have known, that the complaint was without any reasonable basis in law or equity.  Id.

In this case, Plaintiff has pursued these same claims against Defendants no less than fourteen times.  Plaintiff has previously been sanctioned for his actions and unequivocally told that these claims were "barred by the doctrine of *res judicata*."  Tuscano v. Evening Journal Ass'n, 179 Fed. Appx. 621, 627 (11th Cir. 2006).  In fact, Plaintiff concedes that these claims have been previously litigated and repeatedly resulted in dismissal with prejudice.  There is no dispute that Plaintiff was aware that his claims could not be supported by any reasonable basis in the law and were thus frivolous.  As such, Defendants are entitled to reasonable attorneys fees and costs.

### IV.     CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted with prejudice.  Plaintiff shall pay Defendants' reasonable attorneys fees and costs.  An appropriate order accompanies this Opinion.

Dated: November 28, 2011

/s/ Jose L. Linares  
JOSE L. LINARES  
U.S. DISTRICT JUDGE